## STEAMBOAT MISSOURI vs. WEBB.

1. A bill of lading partakes of the nature of a receipt, and of a contract. So much as partakes of the nature of a receipt, may be explained or contradicted by parol testimony

APPEAL from St. Louis Court of Common Pleas.

CROCKETT & BRIGGS, for Appellant.

### POINTS AND AUTHORITIES.

1. On behalf of the appellant, we insist that the court erred in striking out the proof that the goods were delivered in as good condition as when received, and in refusing an opportunity to prove that the goods were not in good condition when received at New Orleans, and that they were delivered to Webb in the same condition as when received.

The course of the court was the result of considering the words "shipped in good order" in the bill of lading as an estoppel of the boat from going into the question of the condition of the goods, *in point of fact when received.*

That such language is not conclusive, we refer to the following authorities:

"A bill of lading is *prima facia* evidence of the highest order, *but not conclusive.* If the property was in packages open to inspection, and no fraud or imposition practiced, it might not be unreasonable to refuse evidence to prove that they were not in good order, when delivered." "But the property (velvets *in packages*, as here) was not open to inspection—the exterior only, visible." Barrett et al, vs. Rogers, 7 Mass. R. 297. See also Starkie on Evidence, 2d vol. (bill of lading); Hastings vs. Pepper, 11 Pickering, p. 43; 1 Greenleaf's Ev. p. 354: Brayman vs. Linden, 1 Bailey (S. C. Rep.) 174; Smith vs. Brown, 3 Hawk's (N. C. Rep.) 580; May vs. Baldwin, 4 Ohio R. 334; See language of the court in Camden vs. Steamboat Georgia, Mo. R.

COLT AND MINOR, for the Appellee.

### POINTS AND AUTHORITIES.

1. The admissions of the bill of lading are conclusive as to the condition of the goods when shipped, and cannot be contradicted by verbal testimony. 1 M. Rep. p. 3, Barton vs. Wilkins.

2. Upon the evidence before the jury, they were correctly instructed.

3. No exception was taken and noted or allowed at the trial, to the rejection of the defendant's evidence, nor to the giving or refusing instructions by the court, nor was any bill of exceptions filed on the trial, which was on or before the 25th of June, but only after the motion was overruled, when at the close of the bill of exceptions then filed on the 10th of July, exceptions were put in generally to the whole proceedings complained of.

Scott, J. delivered the opinion of the court.

This was a suit commenced in a justices' court against the steamboat Missouri, for damages to freight shipped by order of the plaintiff Webb, on board said boat, from New Orleans to St. Louis. The plaintiff obtained a judgment in the justices' court, and on an appeal to the circuit court a trial *de novo* was had, wherein judgment was again rendered for the plaintiff, from which the Steamboat has appealed to this court.

On the trial of the action, it appeared that the plaintiff shipped on board the Steamboat twenty packages of goods, consisting of cotton goods, (blue jeans,) put up in boxes in the usual way. That upon being opened at St. Louis, they were discovered to be damaged, and discolored as if by water. It was the opinion of a witness who examined the goods, that they were not injured by salt water. The bill of lading was in the usual form, and stated that the goods were shipped in good order.

The Steamboat then offered evidence to show that the goods were not in good condition when the bill of lading was executed; and were delivered in the same condition as when received by the boat. The court refused to let this evidence go to the jury, and the propriety of its exclusion is the point involved in this cause.

The cases cited from the Missouri Reports by the appellee, showing that parol evidence cannot be received to contradict or vary written contracts, maintained an undeniable principle of law, but they are thought not to be entirely relevant to the subject in controversy. A bill of lading, it seems, possesses a two-fold character, partaking both of the nature of a receipt and a contract. A receipt is an acknowledgment of payment or delivery, and may contain a contract to perform something in relation to the thing delivered. Nothing is better settled in law, than that a receipt is open to explanation by parol evidence. Then that part of a bill of lading partaking of the nature of a receipt, containing the recital that the goods were shipped in good order, may be explained and contradicted, but in other respects is to be treated like other written contracts. Greenleaf, 354; Cowen, 1439.

The case of Barrett vs. Rogers, 7 Mass. Rep., 297, is one extremely like that now under consideration. The question in that case was, whether velvets in cases represented to be shipped in good order, might be shown to have been damaged at the time they were received on board. It was remarked in that case, that a bill of lading was an instrument entitled to great regard, and imposing a proportional obliga-

tion upon those who are bound for the execution of the responsibility which it assumes, there can be no doubt; but this responsibility must have reasonable limits, which must be determined by the nature of the subject matter. If the property to be transported, and which was declared to be in *good order*, was in all parts open to inspection, and no fraud or imposition was practiced, it might not be unreasonable to say, that no evidence should be admitted to prove that it was not in good order. That a bill of lading is *prima facie* evidence, and of the highest nature, there can be no doubt; but in this case the property was velvets in cases, which were not open to inspection, and could not be rendered visible without opening the cases and unfolding the goods, which, it is believed, is never done. The *exterior* only was visible, and neither the interior, its quality or condition, could be known to the master, who signed the bill of lading, but from the representation of the shipper.

In the case before us, the goods were put up in boxes, they were not open to inspection, and consequently it falls entirely within the reason of the above case.

Judgment reversed.